## UNITED STATES *v.* PENN.

*(Circuit Court, E. D. Virginia.   July, 1880.)*

CRIMINAL LAW—JURISDICTION OF FEDERAL COURTS—ARLINGTON NATIONAL CEMETERY.
    Const. U. S. art. 1. § 8, cl. 17, giving congress the exclusive right of legislation over any places purchased by the United States, with the consent of the state in which the same are situated, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings, confers no jurisdiction upon the federal courts to try a person for a petty larceny committed in the National Cemetery on the Arlington estate, which was purchased by the United States at a tax-sale, without the consent of the state of Virginia.

At Law.   Information against Dennis Penn for a petty larceny committed in the National Cemetery on the Arlington estate, Alexandria county, Va.   On plea to the jurisdiction, and demurrer thereto.   Plea sustained.

The United States purchased the Arlington estate during the war at a tax-sale, and has held possession ever since, but jurisdiction thereof was never ceded by the state of Virginia. The plea was based upon this fact.

*L. L. Lewis*, for the United States.

*Charles E. Stuart*, for defendant.

HUGHES, J.    The eighth section of the first article of the constitution of the United States, in the seventeenth clause, gives the right of exclusive legislation to the United States, to exercise authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings.    The purchase of lands for the United States, for public purposes, does not of itself oust the jurisdiction of such state over the lands purchased.    *U. S.* v. *Cornell*, 2 Mason, 60.    The constitution prescribes the only mode by which they can acquire land as a sovereign power; and therefore they hold only as an individual when they obtain it in any other manner.    *Com.* v. *Young*, Brightly, N. P. 303; *People* v. *Godfrey*, 17 Johns. 225; *U. S.* v. *Travers*, 2 Wheeler, Crim. Cas. 490; *People* v. *Lent*, Id. 548.    If there be no cession by a state, the state jurisdiction still remains.    *Com.* v. *Young*, 1 Hall, Law J. 47; 1 Kent Comm. 403, 404; and Story, Const. § 1127, where Judge Story says:

"If there has been no cession by the state of the place, although it has been constantly occupied and used, under purchase or otherwise, by the United States, for a fort, arsenal, or other constitutional purpose, the state jurisdiction still remains complete and perfect."

It seems too plain for doubt, much as we may regret the fact in this particular case, that this court has no jurisdiction in the premises; and the demurrer accordingly must be overruled, and the plea sustained.