## UNITED STATES v. McGOWAN et al.

### No. 8327.

Circuit Court of Appeals, Ninth Circuit.

March 15, 1937.

E. P. Carville, U. S. Atty., and Miles Pike, Asst. U. S. Atty., both of Reno, Nev.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This appeal is from a decree of dismissal upon two libels filed against two automobiles owned by appellees, praying condemnation and forfeiture of said automobiles, for having introduced into the Reno Indian Colony, near Reno, Nev., a bottle of whisky found upon each car, in violation of 25 US. C.A. § 247.

The determining factor is whether the "Indian Colony" is "Indian country."

The land was purchased by the United States, twenty acres March 8, 1917 for the sum of $6,000, being paid in equal parts from two items of the appropriation to the Interior Department for the fiscal year 1917 (39 Stat. 123, 143, § 13). The items read as follows:

"For the purpose of procuring home and farm sites, with adequate water rights, and providing agricultural equipment and instruction and other necessary supplies for the nonreservation Indians in the State of Nevada, $15,000: Provided, That no part

of this appropriation shall be expended for mileage, salaries, or expenses of employees.

* * *

"For the purchase of land and water rights for the Washoe Tribe of Indians, the title to which is to be held in the United States for the benefit of said Indians, $10,-000, to be immediately available; for the support and civilization of said Indians, $5,000; in all, $15,000."

That 8.38 acres were purchased by the United States January 22, 1927, for the sum of $4,160, paid from funds appropriated under the Act of May 10, 1926 (44 Stat. Ch. 278, p. 496), reading in part as follows: "Be it enacted * * * That the Secretary of the Interior be, and he is hereby, authorized to purchase * * * eight and forty-two hundredths acres, * * * to * * * become a part of the site for the Reno Indian colony heretofore purchased by the Government: Provided further, That the sum of $4,300 is hereby authorized to be appropriated out of any money in the Treasury not otherwise appropriated."

The court found the automobiles were owned by the appellees. Appellees have not appeared in this court. The court, therefore, has not the benefit of a brief on appellees' behalf.

The land in issue was bought by the United States from Mexico by treaty of Guadalupe Hidalgo, February 2, 1848 (9 Stat. 922). The Indians never had possessory title to the land. It was never "Indian country" by reason of ancient traditional continuous Indian rights until the title was divested by some affirmative act of the United States or abandonment by the Indians. The United States was thereafter divested of title to the land by its public land laws.

This land was therefore not part of the vast extent of the domain to which any Indian title attached, nor has the land been set apart or designated exclusively for an Indian tribe. The State of Nevada was not ousted of jurisdiction or sovereignty over this land by the purchase of the land by the United States from private parties. U. S. v. Cornell, Fed.Cas.No.14,867, 2 Mason, 60. The purchase of this land by the United States "for the purpose of procuring home and farm sites, with adequate water rights * * * for the non-reservation Indians in the State of Nevada" or "for the purchase of land and water rights for the Washoe Tribe of Indians, the title to which is to be held in the United States for the benefit of said Indians," does not oust the jurisdiction or sovereignty of the State of Nevada over such land. The seventeenth clause of section 8, article 1 of the United States Constitution provides that: "* * * all Places purchased by the consent of the legislature of the State in which the Same shall be," will confer sovereignty of the United States over the land.

"To oust this state of its jurisdiction * * * it must be shown that an offence committed within the acknowledged limits of the state, is clearly exclusively cognizable by the laws and courts of the United States, * * * it must have been committed out of the jurisdiction of any state." People v. Godfrey, 17 Johns. 225, 6 N.Y.Com.Law Rep. 347, at page 350.

The land was purchased by the United States for a specific purpose without the consent of the legislature of the State of Nevada and the land *"is * * * within the field of operation of her laws, save that they can have no operation which would impair the effective use of the reservation [land purchased] for the purposes for which it is maintained."* Surplus Trading Co. v. Cook, 281 U.S. 647, at page 651, 50 S.Ct. 455, 456, 74 L.Ed. 1091. This land has no status of Indian lands from any viewpoint of approach. It was purchased for home and farm sites, and water rights, for non-reservation Indians in the State of Nevada and for the Washoe Tribe of Indians. This right the United States may enjoy without impairment. This court may not legislate and extend the criminal laws of the United States over the farm sites under the guise that the land is "Indian country." That is a matter for the Congress by and with the consent of the Legislature of the State of Nevada.

The state's jurisdiction therefore still remains. 1 Kent Comm. 403, 404. U. S. v. Penn (C.C.) 48 F. 669, 670. This case cites Judge Story on the Constitution, § 1127, as saying: "If there has been no cession by the state of the place, although it has been constantly occupied and used, under purchase or otherwise, by the United States, for a fort, arsenal, or other constitutional purpose, the state jurisdiction still remains complete and perfect."

It is obvious that the "Indian Colony" is not "Indian country."

Affirmed.